Linda K. Rurangirwa
Nevada Bar No. 9172
Linda.Rurangirwa@cdiglaw.com
COLLINSON, DAEHNKE, INLOW & GRECO
2110 E. Flamingo Road, Suite 212
Las Vegas, Nevada 89119
(702) 979-2132 Telephone
(702) 979-2133 Facsimile
*Attorneys for Defendants*
  *MI Hotels of Las Vegas, Inc. and*
  *Marriott International, Inc.*

# UNITED STATES DISTRICT COURT

# CLARK COUNTY, NEVADA

| | |
|---|---|
| ODIS MACK,<br><br>                        Plaintiffs,<br><br>v.<br><br>MI HOTELS OF LAS VEGAS, INC., a Nevada Corporation; MARRIOTT INTERNATIONAL, INC., a Delaware Corporation; DOES I through X, inclusive; ROE Corporations and Limited Liability Companies I through X, inclusive<br><br>                        Defendants, | CASE NO.:   2:20-cv-01493-JCM-NJK<br><br>**DEFENDANTS ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW Defendants MI HOTELS OF LAS VEGAS, INC., and MARRIOTT INTERNATIONAL, INC., by and through their counsel of record, Linda K. Rurangirwa and the law offices of Collinson, Daehnke, Inlow & Greco and in answer to Plaintiff ODIS MACK's Complaint on file herein, admit, deny, and allege as follows:

## **IDENTIFICATION OF THE PARTIES**

1. Answering Paragraph 1 of Plaintiff's Complaint on file herein, Defendants are without sufficient knowledge or information to form a belief as to the

truth of the allegations contained in said paragraphs, and on that basis, deny each and every allegation contained therein.

2. Answering Paragraph 2 of Plaintiff's Complaint on file herein, Defendants admit the allegations contained therein.

3. Answering Paragraph 3 of Plaintiff's Complaint on file herein, Defendants admit the allegations contained therein.

4. Answering Paragraph 4 of Plaintiff's Complaint on file herein, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs, and on that basis, deny each and every allegation contained therein.

5. Answering Paragraph 5 of Plaintiff's Complaint on file herein, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs, and on that basis, deny each and every allegation contained therein.

6. Answering Paragraph 6 of Plaintiff's Complaint on file herein, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs, and on that basis, deny each and every allegation contained therein.

## **GENERAL ALLEGATIONS**

7. Answering Paragraph 7 of Plaintiff's Complaint on file herein, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs, and on that basis, deny each and every allegation contained therein.

8. Answering Paragraph 8 of Plaintiff's Complaint on file herein, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs, and on that basis, deny each and every allegation contained therein.

/ / /

9. Answering Paragraph 9 of Plaintiff's Complaint on file herein, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs, and on that basis, deny each and every allegation contained therein.

10. Answering Paragraph 10 of Plaintiff's Complaint on file herein, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs, and on that basis, deny each and every allegation contained therein.

11. Answering Paragraph 11 of Plaintiff's Complaint on file herein, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs, and on that basis, deny each and every allegation contained therein.

12. Answering Paragraph 12 of Plaintiff's Complaint on file herein, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs, and on that basis, deny each and every allegation contained therein.

## FIRST CAUSE OF ACTION

**(Negligence – Against All Defendants)**

13. Defendants' responses to the allegations set forth in Paragraphs 1 through 12 of Plaintiff's Complaint on file herein are hereby specifically incorporated herein as though fully set forth.

14. Answering Paragraph 14 of Plaintiff's Complaint on file herein, Defendants aver that the question of duty is a legal one to which no response is required. To the extent a response is required, Defendants are without sufficient knowledge and information to formulate a belief as to the truth of the allegations contained therein and, based upon such lack of information and belief, the same are hereby denied.

/ / /

15.     Answering Paragraph 15 of Plaintiff's Complaint on file herein, Defendants aver that the question of duty is a legal one to which no response is required.  To the extent a response is required, Defendants are without sufficient knowledge and information to formulate a belief as to the truth of the allegations contained therein and, based upon such lack of information and belief, the same are hereby denied.

16.     Answering Paragraph 16 of Plaintiff's Complaint of Plaintiff's Complaint on file herein, Defendants deny each and every allegation contained therein.

17.     Answering Paragraph 17 of Plaintiff's Complaint on file herein, Defendants deny each and every allegation contained therein.

18.     Answering Paragraph 18 of Plaintiff's Complaint on file herein, Defendants deny each and every allegation contained therein.

19.     Answering Paragraph 19 of Plaintiff's Complaint on file herein, Defendants deny each and every allegation contained therein.

20.     Answering Paragraph 20 of Plaintiff's Complaint on file herein, Defendants deny each and every allegation contained therein.

21.     Answering Paragraph 21 of Plaintiff's Complaint on file herein, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs, and on that basis, deny each and every allegation contained therein.

22.     Answering Paragraph 22 of Plaintiff's Complaint on file herein, Defendants deny each and every allegation contained therein.

23.     Answering Paragraph 23 of Plaintiff's Complaint on file herein, Defendants deny each and every allegation contained therein.

24.     Answering Paragraph 24 of Plaintiff's Complaint on file herein, Defendants deny each and every allegation contained therein.

///

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant places in issue the negligence, if any, of all persons who contributed to the occurrence of the incident alleged in the Complaint, and the degree that such negligence contributed to the incident and/or the injuries sustained, if any, as a result of said incident.

### SECOND AFFIRMATIVE DEFENSE

That at or about the time, date and place alleged in the Complaint, Plaintiff and other persons or parties failed to exercise ordinary care, and such failure was a contributing cause of the incident and/or injuries allegedly sustained in said incident; and the trier of fact is requested to determine the existence of such negligence and the degree that such negligence contributed to the incident and/or injuries.

### THIRD AFFIRMATIVE DEFENSE

The Complaint, and each cause of action therein, does not state facts sufficient to constitute a cause of action.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred in that the action was not filed and served within the time prescribed by the N.R.S. 11.190 (4) (e).

### FIFTH AFFIRMATIVE DEFENSE

That the negligence, if any, of Defendants was not a substantial factor in bringing about Plaintiff's alleged injuries and, therefore, was not a contributing cause thereof, but was superseded by the negligence of others, whose negligence was an independent, intervening and proximate cause of any injury or damage suffered by the plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

That the act or omission, if any, of Defendants was not a substantial factor in bringing about the Plaintiff's alleged injuries and, therefore, was not a contributing cause thereof, but was superseded by the acts or omissions of others, which were

1  independent, intervening, and proximate causes of any injury or damage suffered by
2  Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiff pursuant to the Complaint, and each purported cause of action contained therein, is governed, controlled and limited by the provisions of NRS 41.141.

### EIGHTH AFFIRMATIVE DEFENSE

That Defendants had no notice, either actual or constructive, of any dangerous or defective condition.

### NINTH AFFIRMATIVE DEFENSE

That any defect that may have existed was trivial as a matter of law.

### TENTH AFFIRMATIVE DEFENSE

Any risk or hazard that existed at the time and place of the alleged incident was assumed by the complaining party.

### ELEVENTH AFFIRMATIVE DEFENSE

There is no liability as the danger, if any, which existed at the time and place mentioned in the Complaint was a danger that would have been reasonably apparent to, and would have been anticipated by, a person exercising due care.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate the damages alleged in the Complaint and thus, any recovery should be reduced accordingly.

### THIRTEENTH AFFIRMATIVE DEFENSE

The condition of the property complained of was not a dangerous condition.

### FOURTEENTH AFFIRMATIVE DEFENSE

That other persons and entities not parties to this lawsuit, were themselves responsible for Plaintiff's damages, if any.  Defendants request that their liability, if any, be assessed in proportion to the liability of other co-defendants, persons, and entities who are not parties to this action, and that Defendants be required to pay only

for their proportionate share of fault, if any.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to state a claim that would entitle him to punitive damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to allege conduct by Defendants that was grossly negligent, reckless, willful, intentional malicious, oppressive or fraudulent and done in reckless disregard of the safety and rights of Plaintiff such that punitive damages can be awarded.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches, waiver, estoppel, and/or the Statute of Frauds.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff's injuries, if any, were caused by the acts or inactions of persons beyond the control or right of control of Defendants and for whom Defendants are not liable or responsible.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants asserts that they fully performed and discharged all obligations owed to Plaintiff including meeting the requisite standard of care to which Plaintiff was entitled.

### TWENTIETH AFFIRMATIVE DEFENSE

That it has been necessary for Defendants to employ the services of an attorney to defend this action and a reasonable sum should be allowed to Defendants for attorney's fees, together with costs of suit incurred herein.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's injuries and damages, if any, are the result of Plaintiff's own negligence, if any, which may exceed the negligence, if any, of Defendants and therefore bars recovery by Plaintiff. Defendants asserts that Plaintiff's own actions contributed to the damages alleged in the Complaint.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's injuries and damages, if any, were the result of forces of nature over which Defendants had no control.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Defendants are entitled to contractual indemnity and comparative equitable indemnity from others.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to join necessary and indispensable parties to the action.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

If Plaintiff has sustained any injuries or damages, such were the result of intervening or superseding events, factors, occurrences or conditions, which were in no way caused by Defendants, and for which Defendants are not liable.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

The instant dispute arises from a matter covered by a binding arbitration agreement between Plaintiff and Defendants, and Defendants desire that this matter be submitted to binding arbitration in accordance with the terms of the Arbitration Agreement.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Defendants alleges that the injuries and damages, if any, suffered by Plaintiff can and do occur in the absence of negligence.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action based upon the conclusory/general terms used in the Complaint. Accordingly, Defendants expressly reserves the right to assert additional defenses as applicable.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Defendants hereby incorporate by reference those affirmative defenses enumerated in Rule 8 of the Federal Rules of Civil Procedure as if fully set forth

herein.  In the event further investigation or discovery reveals the applicability of any such defenses, Defendants reserve the right to seek leave of court to amend this Answer to specifically assert any such defense.  Such defenses are herein incorporated by reference for the specific purpose of not waiving any such defense.

### THIRTIETH AFFIRMATIVE DEFENSE

Some of the foregoing affirmative defenses have been pled for purposes of non-waiver.  Additionally, pursuant to FRCP 11 all possible affirmative defenses may have not been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon filing of these Defendants' Answer.  Therefore, Defendants reserves the right to amend their Answer to allege additional affirmative defenses if subsequent investigation so warrants.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray as follows:

1. That Plaintiff takes nothing by reason of his Complaint;
2. For all attorney's fees, incurred in the defense of Plaintiff's Complaint against Defendants;
3. For costs and disbursements incurred herein; and
4. For such other and further relief as the Court may deem just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# DEMAND FOR JURY TRIAL

Defendants demand a trial by jury pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure.

Dated:  August 24, 2020  **COLLINSON, DAEHNKE, INLOW & GRECO**

BY: */s/ Linda K. Rurangirwa*
LINDA K. RURANGIRWA
Nevada Bar No. 9172
2110 E. Flamingo Road, Suite 212
Las Vegas, Nevada 89119
Tel. (702) 979-2132
Fax (702) 979-2133
*Attorneys for Defendants*
  *MI Hotels of Las Vegas, Inc. and*
  *Marriott International, Inc.*

# CERTIFICATE OF SERVICE

Pursuant to Fed.R.Civ.P. 5(b), I hereby certify that on the 24th day of August, 2020, the foregoing **DEFENDANTS ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** was served as follows upon the following through the CM/ECF System of the United States District Court of the District of Nevada upon the following:

Donald J. Campbell
Samuel R. Mirkovich
Garrett B. Logan
CAMPBELL & WILLIAMS
700 South Seventh Street
Las Vegas, NV  89101
*Attorney for Plaintiff*
 *Odis Mack*

By  /s/ *Richean Martin*
An employee of COLLINSON, DAEHNKE, INLOW & GRECO